Filed 11/25/20 P. v. Washington CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ARVAN WASHINGTON, <br><br> Defendant and Appellant. | 2d Crim. No. B302999 <br> (Super. Ct. No. 17CR08048) <br> (Santa Barbara County) |

Appellant Arvan Washington pled no contest to one count of resisting an executive officer (Pen. Code, § 69)[1] in exchange for four years of felony probation. Appellant was released on a *Cruz*[2] waiver, in which he agreed that if he "fail[ed] to appear on the date set for sentencing" or "pick[ed] up any new law offenses," he would not be allowed to withdraw his plea and would be subject to the maximum sentence allowed.

---

[1] All further statutory references are to the Penal Code.

[2] *People v. Cruz* (1988) 44 Cal.3d 1247 (*Cruz*).

The sentencing hearing was set for October 11, 2018. Appellant appeared that morning, but the hearing was continued to October 16, 2018 because of a medical appointment. The trial court issued and held a "no bail" warrant to that date. Appellant failed to appear at both that hearing and the hearing rescheduled for October 18, 2018. The court released the warrant.

Appellant was arrested for the commission of a new felony offense on February 22, 2019. On February 26, 2019, he appeared in custody for arraignment on the warrant in this case. Following multiple continuances, the sentencing hearing took place on October 29, 2019. Given appellant's failure to appear and his new arrest, the trial court determined it was not bound by the original plea agreement and sentenced him to the maximum term of three years in prison.

Appellant contends the trial court abused its discretion and violated his due process rights by revoking his probation based on a violation of the *Cruz* waiver. The People argue substantial evidence supports the finding that appellant violated the terms of the agreement by failing to appear for sentencing on October 16 and 18, 2018 and by "pick[ing] up . . . new law offenses."

We accept the People's concession that appellant is entitled to a remand for recalculation of his custody credits. Otherwise, we affirm.

DISCUSSION

Cruz *Waiver*

Section 1192.5 permits a defendant to withdraw a plea if the trial court withdraws its approval of the plea agreement. In *Cruz*, our Supreme Court held that the defendant retains this ability even if the trial court's disapproval of the plea agreement was prompted by the defendant's failure to appear for sentencing. (*Cruz*, *supra*, 44 Cal.3d at pp. 1253-1254.)

2

Pursuant to a *Cruz* waiver, however, a defendant may expressly waive his or her rights under section 1192.5 when entering the plea, and "if the defendant willfully fails to appear for sentencing the trial court may withdraw its approval of the defendant's plea and impose a sentence in excess of the bargained-for term." (*Cruz, supra*, 44 Cal.3d at p. 1254, fn. 5; see *People v. Masloski* (2001) 25 Cal.4th 1212, 1222 ["'[W]hen the parties themselves agree as part of the plea bargain to a specific sanction for nonappearance, the court need not permit the defendant to withdraw his or plea but may invoke the bargained-for sanction'"].) "The terms 'willful' or 'willfully,' as used in penal statutes, imply 'simply a purpose or willingness to commit the act.'" (*In re Jerry R.* (1994) 29 Cal.App.4th 1432, 1438.) "The terms imply that the person knows what he is doing, intends to do what he is doing, and is a free agent. [Citation.] Stated another way, the term 'willful' requires only that the prohibited act occur intentionally. [Citations.]" (*Ibid.*)

Whether appellant willfully violated the conditions of his release is a question of fact reviewed for substantial evidence. (*People v. Rabanales* (2008) 168 Cal.App.4th 494, 509.) We look to the entire record to determine whether there is substantial evidence, either contradicted or uncontradicted, supporting the trial court's express or implied findings. (*Ibid.*; *People v. Carpenter* (1999) 21 Cal.4th 1016, 1046.)

At the time of appellant's plea, the prosecutor took the following *Cruz* waiver: "[PROSECUTOR]: . . . Sir, do you also understand that there is an agreement between yourself and the District Attorney's office that if you fail to appear on the date set for sentencing or you pick up any new law offenses that you will not be allowed to withdraw your plea and that you may be sentenced up to the maximum punishment allowed by law? [¶] [APPELLANT]: Yes."

Appellant also signed a written plea agreement form and initialed the following condition: "I understand that the court is allowing me to surrender at a later date to begin serving time in custody. [¶] I agree that if I fail to appear on the date set for surrender or sentencing without a legal excuse, my plea will become an 'open plea' to the court. I will not be allowed to withdraw my plea, and I may be sentenced up to the maximum allowed by law."

Appellant appeared with counsel at the sentencing hearing on October 11, 2018. The prosecutor requested a continuance to the afternoon. Appellant had a medical appointment later that morning. The trial court instructed him to go to his appointment and to return at 1:30 p.m. Appellant notified his counsel that he was still at the doctor's office and the court continued the hearing to October 16, 2018.

After appellant failed to appear, the trial court continued the sentencing hearing to October 18, 2018. Appellant again failed to appear. The hearing eventually was held on October 29, 2019. At that time, the court stated: "Mr. Washington pled no contest to Count 1, a violation of Penal Code Section 69, a felony, committed on July 28, 2017. At the time of his plea he agreed that if he did not appear for sentencing as directed, or committed a new law violation, the Court would not be bound by the terms of the plea agreement and could sentence the defendant as the circumstances might warrant. This is commonly called a *Cruz* waiver, and it's reflected on the plea transcript dated 8/30/2018, at pages five and six. Not only did Mr. Washington fail to appear for sentencing, he also was arrested for the commission of a new felony offense alleged to have been committed on February 22, 2019. Consequently, the Court feels it is not bound by the defendant's previously entered plea agreement."

4

Appellant argues substantial evidence does not support the trial court's findings because his failure to appear at sentencing was "because he had two heart attacks and spent October to December 2018 in and out of hospital." As the People point out, the record contains no facts or evidence supporting this claim. There are no documents from appellant's health care providers and no evidence his failure to appear on October 16 and 18, 2018 was due to medical appointments or hospitalizations. Nor did anyone contact the trial court or appellant's attorney to advise that he was unavailable for medical reasons and that a continuance would be necessary. Although appellant claims he asked a social worker to inform his attorney of the hospitalizations, there is no evidence that was done or that he made any attempt to have his absences excused for medical reasons.

Appellant cites no authority for his assertion that once the initial October 11, 2018 sentencing date was continued, a new *Cruz* waiver was required for the continued hearing. We look to the parties' conduct to determine how long they intended the *Cruz* waiver to remain in effect. (*People v. Vargas* (2007) 148 Cal.App.4th 644, 649.) Here, the parties' conduct indicates their intent for the waiver to remain in effect until the agreed-upon sentence was imposed. The *Cruz* waiver was part of the initial plea agreement presented to the trial court, and the first continuance to October 16, 2018 was necessary because appellant was still at his medical appointment at the time of the hearing.

Finally, the failure to appear was not appellant's only *Cruz* waiver violation. As the trial court observed, "Had Mr. Washington's violation been limited to his failure to appear because of his health issues, the Court might look at this matter

differently. However, in addition to failing to appear for sentencing, Mr. Washington was also arrested for the commission of a new felony offense in case number 19CR01795, a clear violation of the terms of his '*Cruz* Waiver.'" We are not persuaded by appellant's argument that the offense is irrelevant because the charges were later dismissed. The condition did not require a conviction, but only that appellant not "pick up any new law offenses," which he did.

### Custody Credits

At the time of sentencing, the trial court noted appellant is "entitled to the following credits. From 11/2/17 to 11/14/17 [sic], three days, and from 2/22/19 to 10/29/19, 222 days plus 222 days. Total credits for all of this time is 222 days, plus, I believe 222 for an additional total of 444 days credit." The court's calculation is incorrect. The period from February 22, 2019 to October 29, 2019 is 249 days, not 222 days. We agree with the parties that appellant is entitled to recalculation of the custody credits and correction of the abstract of judgment.

### DISPOSITION

The matter is remanded to the trial court for recalculation of appellant's custody credits and correction of the abstract of judgment, which shall be forwarded to the California Department of Corrections and Rehabilitation. In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


PERREN, J.

We concur:


GILBERT, P. J.          YEGAN, J.

6

Raimundo Montes de Oca, Judge
Superior Court County of Santa Barbara
_____


 Mi Kim, under appointment by the Court of Appeal, for Defendant and Appellant.

 Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Colleen M. Tiedemann, Deputy Attorney General, for Plaintiff and Respondent.